ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
PATRICK R. FITZGERALD (Cal. Bar No. 135512)
Assistant United States Attorney
Chief, National Security Section
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorney
National Security Section
JOANNA M. CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Violent and Organized Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-4591/0627/0298
     Facsimile:  (213) 894-3713
     E-mail:     Patrick.Fitgerald@usdoj.gov
                 Melissa.Mills@usdoj.gov
                 Joanna.Curtis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

E-FILED 01/09/14

term #23/24

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-902-PSG |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER FOR DISCOVERY |
| v. | |
| PAUL ANTHONY CIANCIA, | |
| Defendant. | |

  The Court has read and considered the Stipulation in Support of Protective Order for Discovery, filed simultaneously with the lodging of this Order, by plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant Paul Anthony Ciancia ("defendant"), by and through his counsel of record, Chief Deputy

1

Federal Public Defender Hilary Potashner and Deputy Federal Public Defender John L. Littrell.  The Court hereby incorporates the parties' Stipulation into this Stipulated Protective Order for Discovery, and finds that the Stipulation establishes good cause for entry of a protective order pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

<u>Findings of Fact</u>

1. On November 2, 2013, a Complaint was filed against defendant Paul Ciancia alleging that defendant violated Title 18, United States Code, Section 1114, murder and attempted murder of federal officers and Title 18, United States Code, Section 37, violence at an international airport.  On December 4, 2013, defendant made his initial appearance.

2. On December 17, 2013, defendant was charged in an Indictment alleging that defendant violated Title 18, United States Code, Sections 1114(1) and 1111, murder of a federal officer; Title 18, United States Code, Sections 1114(3) and 1113, attempted murder of a federal officer and attempted murder; Title 18, United States Code, Section 37(a)(1), violence at an international airport, Title 18, United States Code, Section 924(j) and (c)(1)(A)(iii), use of a firearm during a crime of violence causing death, and Title 18, United States Code, Sections 924(c)(1)(A)(iii), use of a firearm during a crime of violence.

3. Because the alleged crimes occurred at Los Angeles International Airport, there were numerous civilian witnesses who were interviewed and who provided their personal identifying information, including names, dates of birth, addresses, social

security numbers, driver's license numbers, and telephone numbers, to law enforcement. In order to comply with its discovery obligations, the government will produce copies of the reports and documents bearing the witnesses' names, statements, transcripts of interviews, and contact information. In addition, the government will produce audio recordings of the witnesses' interviews, which will contain the witnesses' personal identifying information and contact information. Finally, the government will produce copies of reports and documents identifying and describing the victims' injuries, including the autopsy report for Gerardo Hernandez.

4.   To serve the government's interest in protecting the personal identification information and medical information of the witnesses in this case, including the government's interest in safeguarding against further dissemination, or use by any person, including defendant, of the foregoing information, and also to serve and protect defendant's rights to prepare an effective defense in this case, the parties have stipulated to the entry of a protective order for discovery in this case.

Conclusions of Law

5.   Rule 16(d)(1), Federal Rules of Criminal Procedure, provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

6.   The record demonstrates good cause to permit the Court to exercise its discretion to restrict discovery and inspection of the personal identification information and medical information of the witnesses and victims in this case, as further described below, and

to grant such relief as is necessary to ensure the confidentiality of the foregoing information.

**PROTECTIVE ORDER**

Therefore, based upon the foregoing findings of fact and conclusions of law, and good cause shown, IT IS HEREBY ORDERED:

1. "CONFIDENTIAL INFORMATION" is defined as: (a) any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), including account numbers, home addresses, personal phone numbers, Social Security numbers, driver's license numbers, identification card numbers, personal identification numbers (PINs), dates of birth, places of birth, and any personal medical information of any victim or witness.

2. All documents in any form (e.g., printed or digital) and all recordings that contain CONFIDENTIAL INFORMATION shall be covered by this Stipulated Protective Order ("Protective Order"). A document or recording containing any CONFIDENTIAL INFORMATION will hereinafter be referred to as a "CONFIDENTIAL DOCUMENT." Nonetheless, if all CONFIDENTIAL INFORMATION is removed and redacted from a document, it will no longer be a CONFIDENTIAL DOCUMENT.

3. Counsel for defendant shall at all times maintain all CONFIDENTIAL INFORMATION in a secure area and shall exercise reasonable care in ensuring the continued confidentiality of all CONFIDENTIAL INFORMATION.

4. Counsel for defendant are not authorized to disclose any CONFIDENTIAL INFORMATION or CONFIDENTIAL DOCUMENT to any other person or entity, except for those individuals listed in paragraph 5 below, unless counsel obtains prior express written permission from the government or the Court. Counsel for defendant are prohibited

from providing defendant, or causing defendant to be provided, with any CONFIDENTIAL DOCUMENT.  Counsel for defendant shall not let his or her client look at or review any CONFIDENTIAL DOCUMENT, except in his or her presence or in the presence of a person identified in paragraph 5.  Defendant shall not maintain, retain, or keep a copy of any CONFIDENTIAL DOCUMENT, or any part of any CONFIDENTIAL DOCUMENT.  Defendant shall not write, make, or retain, any notes that include any CONFIDENTIAL INFORMATION from any CONFIDENTIAL DOCUMENT.  Defendant shall at no time have access to any CONFIDENTIAL INFORMATION, except in the presence of his or her attorney or any other person identified in paragraph 5.

    5.   Counsel for defendant may permit a paralegal, investigator, or other staff person employed by him or her or by his or her office, or any expert hired or consulted on behalf of defendant by undersigned counsel, to view CONFIDENTIAL INFORMATION or a CONFIDENTIAL DOCUMENT, but all such individuals also are prohibited from disseminating or disclosing to any other person or entity, excluding defendant, any CONFIDENTIAL INFORMATION or any CONFIDENTIAL DOCUMENT unless counsel for defendant obtains prior express written permission from the government or the Court, upon notice to the government.  Nothing in this paragraph shall be read to preclude either counsel for defendant, or any paralegal or staff member employed by him or her or by his or her office, or any expert hired or consulted on behalf of defendant by undersigned counsel, from making copies of a CONFIDENTIAL DOCUMENT for the purpose of filing motions in this case, creating exhibits or trial preparation materials in this case, or for preparing for trial in this case. Moreover, nothing in this paragraph shall restrict either counsel

for defendant, or his or her investigator, from reviewing the content of any CONFIDENTIAL DOCUMENT with a witness or potential witness with respect to the trial in this matter.  Before being shown any CONFIDENTIAL DOCUMENT, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of this Protective Order.  That is, any witness or potential witness shall not disclose to any other person or entity any CONFIDENTIAL INFORMATION or any CONFIDENTIAL DOCUMENT.  Further, any witness or potential witness, except for those persons identified in this paragraph, may not retain a CONFIDENTIAL DOCUMENT, or any part of any CONFIDENTIAL DOCUMENT, or any reproduction or copy thereof, after his or her review of such document with a counsel for defendant is complete.  Further, any witness or potential witness, except for those persons previously identified in this paragraph, may not write, make, or retain any notes that include any CONFIDENTIAL INFORMATION from any CONFIDENTIAL DOCUMENT.

     6.   Defense counsel and defendant shall use CONFIDENTIAL INFORMATION only for this case.  Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, defense counsel may retain a copy of the discovery, including CONFIDENTIAL INFORMATION and CONFIDENTIAL DOCUMENTS, as set forth by the terms of this agreement.  Defense counsel shall not provide any CONFIDENTIAL INFORMATION or CONFIDENTIAL DOCUMENTS to successive counsel, including appellate or habeas counsel, unless successive counsel has entered into a Stipulation for Protective Order with the government or as otherwise ordered by the Court.

1        7.   No party to this stipulation may file any CONFIDENTIAL
2   DOCUMENT in any court filing without first redacting CONFIDENTIAL
3   INFORMATION, or without seeking an order to file an unredacted
4   version of the CONFIDENTIAL DOCUMENT under seal.  All CONFIDENTIAL
5   INFORMATION filed in connection with any court filing shall comply
6   with Local Rule 79-5.
7        8.   The government may elect to redact certain sensitive
8   information that is not material to preparing a defense from
9   documents produced to defendant's attorney.  For example, the
10  government may redact the witnesses' dates of birth, social security
11  numbers, driver's license numbers, and any other similarly sensitive
12  personal identifying information.  Defense counsel does not, by this
13  Stipulation, agree to any particular redaction, nor waive any claim
14  of entitlement to information that has been redacted.
15       ///
16       ///
17       ///

9. This Stipulation and the Court's Order shall bind defendant and his or her counsel of record, including any successor counsel of record, whether retained by defendant or appointed by the Court.

IT IS SO ORDERED.

**PHILIP S. GUTIERREZ**

1/9/14
DATE

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

/s/Joanna M. Curtis
JOANNA M. CURTIS
Assistant United States Attorney