```
 1                    UNITED STATES DISTRICT COURT
 2                   CENTRAL DISTRICT OF CALIFORNIA
 3           HONORABLE PHILIP S. GUTIERREZ, JUDGE PRESIDING
 4   UNITED STATES OF AMERICA,     )
                                   )
 5                                 )
                                   )
 6                   Plaintiff,    )
                                   )
 7                                 )
                                   )
 8        Vs.                      )   No. CR13-902-PSG
                                   )
 9                                 )
                                   )
10   PAUL ANTHONY CIANCIA,         )
                                   )
11                                 )
                                   )
12                   Defendant.    )
                                   )
13   _____)
14
15
16              REPORTER'S TRANSCRIPT OF PROCEEDINGS
17                       STATUS CONFERENCE
18                    LOS ANGELES, CALIFORNIA
19                   MONDAY, JANUARY 27, 2014
20
21
22             MIRIAM V. BAIRD, CSR 11893
              OFFICIAL U.S. DISTRICT COURT REPORTER
23         411 WEST FOURTH STREET, SUITE 1-053
              SANTA ANA, CALIFORNIA 92701
24                   (714) 338-3438
                   MVB11893@AOL.COM
25
```

```
 1                      A P P E A R A N C E S

 2

 3   IN BEHALF OF THE PLAINTIFF,    PATRICK R. FITZGERALD
     UNITED STATES OF AMERICA:      JOANNA CURTIS
 4                                  MELISSA MILLS
                                    AUSA - OFFICE OF US
 5                                  ATTORNEY
                                    CRIMINAL DIVISION - US
 6                                  COURTHOUSE
                                    312 NORTH SPRING STREET
 7                                  13TH FLOOR
                                    LOS ANGELES, CA 90012-4700
 8

 9

10
     IN BEHALF OF THE DEFENDANT,    HILARY L. POTASHNER
11   PAUL ANTHONY CIANCIA:          JOHN LITTRELL
                                    FEDERAL PUBLIC DEFENDERS
12                                  OFFICE
                                    321 EAST 2ND STREET
13                                  LOS ANGELES, CA 90012-4206

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        LOS ANGELES, CALIFORNIA; MONDAY, JANUARY 27, 2014; 3:00 P.M.
 2                                 ---
 3
 4             THE CLERK:  Calling CR13-902-PSG, United States of
 5   America vs. Paul Anthony Ciancia.
 6             Counsel, please state your appearance for the
 7   record.
 8             MR. FITZGERALD:  Good afternoon, Your Honor.
 9             Patrick Fitzgerald, Joanna Curtis, and Melissa
10   Mills on behalf of the United States.
11             THE COURT:  Good afternoon.
12             MS. POTASHNER:  Good afternoon, Your Honor.
13             Hillary Potashner and John Littrell on behalf of
14   Mr. Paul Ciancia who is present before Your Honor in custody.
15             THE COURT:  Good afternoon.
16             We're here for a status conference.  The trial date
17   is February 4th, 2014.  I'm assuming that the parties have
18   something else in mind.
19             Can you share with me what discussions you've had
20   in terms of future dates?
21             MR. FITZGERALD:  Yes, Your Honor.  We would jointly
22   ask the Court to vacate the current trial date.  We are --
23   have produced and will continue to produce discovery to the
24   defendant pursuant to the Court's standing order and the
25   protective order, which the Court entered.  The bulk of the
```

1     discovery, including the videotapes from LAX on the day of
2     the incident have been turned over to the defense.
3             One of the issues, as the Court is aware from the
4     indictment, in this case will be whether the Government will
5     be seeking the death penalty on the three capital counts that
6     arise from the murder of the TSA Officer Hernandez.  That
7     procedure for determining that is a multi-step procedure
8     where the US Attorney's Office here will make a
9     recommendation to Main Justice with input from the defense
10    counsel.  There will be further review at Main Justice.  Then
11    ultimately the Attorney General will make a decision as to
12    whether or not we will seek the death penalty.
13            We do not believe that it makes sense to discuss a
14    trial date until that issue has been resolved, because the
15    defense has to review both the discovery in the case and then
16    conduct its own investigation into related matters that could
17    affect the death penalty analysis.
18            We believe that we should have a status conference
19    about a month from now.  It's been suggested by defense
20    counsel March 3rd.  At that point, we will be in a better
21    position to advise the Court as to a possible schedule for
22    going forward.
23            THE COURT:  Do you think that the Government will
24    have made a decision by March 3rd as to whether -- what
25    penalty they will be seeking?

1          MR. FITZGERALD:  No, Your Honor.  We almost
2  certainly will not have done that because, again, the defense
3  will need to have reviewed the discovery and will not be in a
4  position to make its recommendation.  Although each case is
5  different, and cases can be both faster or slower, by way of
6  illustration, I note in the Boston bombing case where the
7  bombing occurred on April 15th, the Attorney General is going
8  to make the decision in that case sometime this week.
9          So just using that as a rough guide, we foresee our
10 office making the recommendation to Main Justice later on.
11 Ultimately, how long Main Justice takes is a matter, of
12 course, that is beyond our control.  I think we can have a
13 rough idea about going forward at least in regard to when our
14 office will be making the recommendation when we meet again
15 at the next status conference.
16         THE COURT:  Can the parties execute a stipulation
17 order regarding excludable time as it relates to the various
18 status conferences?
19         MR. FITZGERALD:  We will do that, Your Honor.
20         THE COURT:  Is that a problem?
21         MS. POTASHNER:  I didn't hear.
22         THE COURT:  I just wanted the parties to submit a
23 stipulation and order regarding excludable time as we go
24 through these various continuances.
25         MS. POTASHNER:  That's fine.

1           THE COURT:  Anything else, Mr. Fitzgerald?
2           MR. FITZGERALD:  No, Your Honor.  Excuse me just a
3  moment, Your Honor.
4           (Brief pause in the proceedings)
5           MR. FITZGERALD:  Nothing further at this time.
6           THE COURT:  Ms. Potashner, I just have two
7  questions.  One of them relates to the defendant's housing
8  situation.  He -- apparently, there was some -- I'm not sure
9  how it happened, but in any event, the defendant did not make
10 the scheduled court appearance this morning.
11          When the United States Marshal came to advise me of
12 that mishap, I suggested to them, unless you tell me
13 differently, that I thought it would be more convenient for
14 the defense if possible unless there was some other reason to
15 house him next door instead of having to go out to San
16 Bernardino.  I don't know what your -- it's only a
17 recommendation.  So is that -- do you concur with that
18 recommendation?
19          MS. POTASHNER:  Well, actually, Your Honor, I
20 appreciate the Court's suggestion.  At this time,
21 Mr. Ciancia, is getting the medical care that he needs at
22 West Valley.  He is getting stronger every day.  He's gained
23 a little weight.  I think he's almost 100 pounds now.  I
24 think he's -- he's able to eat, and so he's getting stronger.
25 He's getting the care, I think, he needs.

1          Although it would be convenient for defense counsel
2    for him to be next door, I'm a little concerned that we might
3    take a step back medically.  What I would ask the Court at
4    this time to do is not to make that recommendation, but in
5    the near future if it seems like he's medically stable
6    enough, to be moved and to start a fresh at the MDC.  Then we
7    would make a request for that recommendation.
8          THE COURT:  It seems that a lot of the work will be
9    front loaded as we approach the recommendation.
10         MS. POTASHNER:  Yes.  I think the Court is correct
11   that it does add time to our job, but at this point, the pros
12   and cons, I think it still makes sense to leave him at West
13   Valley, but if it changes, we'll let the Court know right
14   away and ask for that recommendation.
15         THE COURT:  The Court recommends that the defendant
16   continued to be housed as he presently is housed.  We'll put
17   that in the minute order so there's no confusion about that
18   issue.
19         The second issue.  If you could address this.  At
20   March 3rd hearing, I am -- I want -- we've had last year --
21   the last fiscal year concerns from the Office of the Public
22   Defender with regard to funding.  This is a case that is
23   going to require funding -- funding earlier rather than
24   later.  I want the assurance that the office has the
25   resources that it needs to take care of this case.

1              MS. POTASHNER:  As of today, we believe that we do.
2    We wouldn't have sought appointment if we were concerned.
3    Obviously, the Court knows that our budget issues are
4    ever-changing.  The landscape is ever-changing, but I have no
5    reason to believe that it will be a problem in this case.  If
6    it does become a problem, again, we will let the Court know
7    right away.  We --
8              THE COURT:  It can't happen that we are a year from
9    today that there's a problem.  That's a disaster.
10             MS. POTASHNER:  I understand.  I know that the
11   Government has a certain timeline in mind.  I'm not sure we
12   can a hundred percent agree with it.  We recognize and
13   respect that they have a job to do as well.
14             So if it came to that, where we thought that we
15   need such an extended period of time due to funding issues,
16   we would bring it to everyone's attention right away.
17             THE COURT:  What time is convenient for the lawyers
18   in terms of the status conference on March 3rd?
19             MR. FITZGERALD:  Anytime for the Government,
20   Your Honor.
21             THE COURT:  10 o'clock?
22             MS. POTASHNER:  That's fine.
23             THE COURT:  March 3rd, at 10 o'clock.
24             MR. FITZGERALD:  Nothing from the Government,
25   Your Honor.

```
 1            (Proceedings concluded at 3:05 p.m.)
 2                          CERTIFICATE
 3    I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
 4    TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN
 5    THE ABOVE MATTER.
 6    FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE
 7    REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE
 8    REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.
 9
10    /s/ Miriam V. Baird              04/08/2014
11    MIRIAM V. BAIRD                  DATE
      OFFICIAL REPORTER
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```