```
 1                 UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3         HONORABLE PHILIP S. GUTIERREZ, JUDGE PRESIDING

 4   UNITED STATES OF AMERICA,    )
                                  )
 5                                )
                                  )
 6                  Plaintiff,    )
                                  )
 7                                )
                                  )
 8        Vs.                     )   No. CR13-902-PSG
                                  )
 9                                )
                                  )
10   PAUL ANTHONY CIANCIA,        )
                                  )
11                                )
                                  )
12                  Defendant.    )
                                  )
13   _____    )

14

15

16            REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                    STATUS CONFERENCE

18                 LOS ANGELES, CALIFORNIA

19                  MONDAY, MARCH 3, 2014

20

21

22             MIRIAM V. BAIRD, CSR 11893
           OFFICIAL U.S. DISTRICT COURT REPORTER
23         411 WEST FOURTH STREET, SUITE 1-053
              SANTA ANA, CALIFORNIA 92701
24                   (714) 338-3438
                   MVB11893@AOL.COM
25
```

```
 1                      A P P E A R A N C E S

 2

 3    IN BEHALF OF THE PLAINTIFF,    PATRICK R. FITZGERALD
      UNITED STATES OF AMERICA:      JOANNA CURTIS
 4                                   MELISSA MILLS
                                     AUSA - OFFICE OF US
 5                                   ATTORNEY
                                     CRIMINAL DIVISION - US
 6                                   COURTHOUSE
                                     312 NORTH SPRING STREET
 7                                   13TH FLOOR
                                     LOS ANGELES, CA 90012-4700
 8

 9

10
      IN BEHALF OF THE DEFENDANT,    HILARY L. POTASHNER
11    PAUL ANTHONY CIANCIA:          JOHN LITTRELL
                                     FEDERAL PUBLIC DEFENDERS
12                                   OFFICE
                                     321 EAST 2ND STREET
13                                   LOS ANGELES, CA 90012-4206

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1        LOS ANGELES, CALIFORNIA; MONDAY, MARCH 3, 2014; 10:00 A.M.
2                              ---
3
4             THE CLERK:  Calling CR13-902-PSG, United States of
5    America vs. Paul Anthony Ciancia.
6             Counsel, please state your appearance for the
7    record.
8             MR. FITZGERALD:  Good morning, Your Honor.
9             Patrick Fitzgerald, Joanna Curtis, and Melissa
10   Mills on behalf of the United States.
11            THE COURT:  Good morning.
12            MR. LITTRELL:  Good afternoon, Your Honor.
13            John Littrell and Hilary Potashner for Paul Anthony
14   Ciancia.  He's handcuffed, Your Honor, and I would ask that
15   he be unhandcuffed for this hearing.
16            THE COURT:  That's fine.
17            MS. POTASHNER:  Good morning, Your Honor.
18            THE COURT:  I've read the Government's status
19   report requesting that we set it on or about, I believe,
20   July 21st.  It outlines a schedule of events.
21            Mr. Littrell, or, Ms. Potashner, any thoughts on
22   the report or wishes for changes or --
23            MR. LITTRELL:  Your Honor, this is just on that
24   particular issue, that it's the Government's decision to make
25   what schedule that they want to proceed on.  We are going to
```

1  do the best that we can to make a meaningful presentation to
2  them in that time.
3              THE COURT:  That was my question.  I was going to
4  ask Mr. Fitzgerald, is that space of time, is that going to
5  be enough time to get your presentation together?  It
6  seemed -- I'm happy it's tight, but it seems tight.
7              MR. LITTRELL:  Is this a question for me,
8  Your Honor?
9              THE COURT:  Yes.  Are you going to be able to pull
10 it off?
11             MR. LITTRELL:  Your Honor, I can alert the Court
12 that we negotiated with the Government about this timeline.
13 We asked for more time.  We also agree that it's a tight
14 deadline.
15             THE COURT:  How much more time do you think you
16 might need?  I mean, the Government sets the schedule.
17             MR. LITTRELL:  They set the schedule.  We thought a
18 more appropriate deadline would be closer to the end of the
19 year.  The reason is that there is just a lot of record
20 collection -- primarily record collection that we need to do
21 in order to make a meaningful presentation to DOJ.
22             Again, we are going to do what we can to meet their
23 deadline.  We will come back to the Court if we really feel
24 like we can't do it.  I think everybody is interested in this
25 presentation being meaningful and complete.

```
 1                THE COURT:  Mr. Fitzgerald, I thought that -- I
 2     was, again, satisfied that the Government is proceeding on a
 3     tight time frame.  In order for the discussion to be
 4     meaningful, I don't necessarily agree with Mr. Littrell that
 5     it's the end of the year, but is there something -- I don't
 6     really want Mr. Littrell coming back in and saying -- asking
 7     for more time, although it's your -- it's the Government's
 8     decision to make.
 9                When I read the timeline, it seemed -- I was
10     satisfied with it, but it seemed, given the significance of
11     the defense's presentation in this matter, that it seemed a
12     little tight?
13                MR. FITZGERALD:  Well, Your Honor.  Certainly, it
14     is an important decision.  Certainly, the Government wants
15     the defense presentation to be meaningful and thorough,
16     because they have access to information and can provide the
17     best explanation of what the mitigating factors are going to
18     be at trial.  But, of course, there's a general interest in
19     the public and the victims to, you know, have a speedy, but
20     fair determination of this matter as well.
21                Our thought was since it is now four months since
22     the murder and the shootings in which time the defendant has
23     been represented by counsel, that that combined with the
24     additional time period, we thought would be sufficient.
25     But -- and we did discuss this with defense counsel.  They
```

1    did ask until the end of the year, which, again, we thought
2    was too long for a variety of reasons.  In part, one can
3    compare this case to the Boston bombing --
4              THE COURT:  Can or cannot?
5              MR. FITZGERALD:  Can in certain ways.  Each case is
6    unique, obviously.  We do have a one-defendant case with a
7    relatively young defendant, and, therefore, you know, this
8    schedule is similar to the schedule that was used in that
9    particular case, but I agree that there's no set formula or,
10   you know, magic determination as to how long this is going to
11   take.
12             THE COURT:  Can you -- we had some discussion of
13   the Boston case the last time.  I thought this seemed like
14   a -- my memory is not good.  This seemed like a tighter time
15   frame in terms of at least when the Government announced
16   whether it was going to proceed in the manner it did in the
17   Boston case?
18             MR. FITZGERALD:  The schedule there, of course, is
19   the attacks took place on April 15th.  The Government had
20   originally proposed a submission to Main Justice towards the
21   end of July to which the defense objected, and then the new
22   schedule which was done was at the end of October.
23             So -- and then the Attorney General made his
24   decision at the end of January.  So...
25             THE COURT:  Basically, submitted for about three

1  months or so?

2  MR. FITZGERALD: Yes, Your Honor. Again, once the
3  submission is made to DOJ, obviously, it's out of our
4  office's hand how long it can take, but I know they do
5  request a minimum of three months to review the material.
6  Sometimes it takes longer than that. That's part of the
7  reason why we want to get our submission in a, you know,
8  timely manner.

9  THE COURT: I'll set -- anything else we need to
10  discuss before I set the next status conference?

11  MR. FITZGERALD: Your Honor, one other matter.
12  We've had a chance now to just compare the schedules for all
13  of the attorneys, and we now believe that August 11th would
14  be a better date for the next status conference than the one
15  that we proposed in our status report.

16  THE COURT: Okay.

17  Mr. Littrell, anything else that needs to be
18  addressed today?

19  MR. LITTRELL: Just I think one main other thing.
20  That's this: We are cooperating with the Marshals who are
21  being very helpful in terms of getting Mr. Ciancia's housing
22  situation changed. We anticipate, based on our conversations
23  with BOP staff, that he will be moved to MDC probably in the
24  coming weeks. I just wanted to alert the Court of that.

25  That raised another issue which I wanted to bring

1    up, although we can't resolve today.  As part of the risk
2    assessment process, Dr. Hope from Bureau of Prisons
3    interviewed Mr. Ciancia without counsel.  I've conferred with
4    the Government about how to deal with this.  I think that's
5    entirely appropriate for them to do that.  Our position is
6    going to be that none of his communications should be shared
7    with the prosecution.
8              What the parties have agreed to do is talk it over.
9    If we can agree on something, we will file something.  If we
10   can't, then I may file a motion and ask the Court for an
11   order.  In the meantime, I think there is a consensus that
12   the Government is not going to ask Dr. Hope to reveal any of
13   those communications.
14             THE COURT:  Okay.  If that changes, you'll either
15   negotiate something or bring something to my attention if
16   that changes?
17             MR. LITTRELL:  Yes, Your Honor.
18             THE COURT:  I brought the issue.  Anticipating that
19   you would be -- you would start working towards this
20   presentation, and that's the reason the last time I asked
21   about the housing arrangements.  I anticipated you will need
22   access to the defendant in a convenient way.  That's what I
23   was thinking the last time I raised that.
24             When do you anticipate that the housing will change
25   to MDC?

```
1               MR. LITTRELL:  I'm hoping that as soon as this week
2    or next week.  I'll communicate with BOP.  What they are
3    waiting for is a certain medical procedure which I think is
4    completed now.  I think that they have very good
5    communication with the medical providers, and that my guess
6    is that it will happen in the next week or two.  I'm
7    confident that the Marshals are working quickly on that.
8               To point out in terms of our preparing for this
9    case, for the first month, there was virtually -- there was
10   very little.  We were not able to communicate with
11   Mr. Ciancia.  We were behind.  I don't think it's fair to
12   treat this as exactly the same as the Boston case.
13              THE COURT:  Mr. Fitzgerald, this is also -- this is
14   all in the Government's discretion with regard to the
15   scheduling of this.  I'll set the status conference for
16   August 11th, 2014.  I would expect that Mr. Littrell would
17   keep you apprised of the progress being made so that if some
18   additional time is needed, it's communicated to you as soon
19   as possible so it can be considered.
20              MR. FITZGERALD:  Yes, Your Honor.  Obviously, if
21   there's a request, we will consider that.
22              THE COURT:  August 11th, 2014, at 10:00 o'clock.
23   If counsel would submit a stipulation and order regarding
24   excludable time.
25              MR. LITTRELL:  Very well.  Thank you, Your Honor.
```

```
 1          (Proceedings concluded at 10:13 a.m.)
 2                         CERTIFICATE
 3    I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
 4    TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN
 5    THE ABOVE MATTER.
 6    FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE
 7    REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE
 8    REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.
 9
10    /s/ Miriam V. Baird              04/08/2014
11    MIRIAM V. BAIRD                  DATE
      OFFICIAL REPORTER
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```