1  STEPHANIE YONEKURA
   Acting United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   PATRICK R. FITZGERALD (Cal. Bar No. 135512)
4  Assistant United States Attorney
   Chief, National Security Section
5  MELISSA MILLS (Cal. Bar No. 248529)
   Assistant United States Attorney
6  National Security Section
   JOANNA CURTIS (Cal. Bar No. 203151)
7  Assistant United States Attorney
   Violent and Organized Crime Section
8       1300/1500 United States Courthouse
        312 North Spring Street
9       Los Angeles, California 90012
        Telephone:  (213) 894-4591/0627/0298
10      Facsimile:  (213) 894-6436
        E-mail:      Patrick.Fitzgerald@usdoj.gov
11                   Melissa.Mills@usdoj.gov
                     Joanna.Curtis@usdoj.gov
12
   Attorneys for Plaintiff
13 UNITED STATES OF AMERICA

14
                    UNITED STATES DISTRICT COURT
15
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
16
   UNITED STATES OF AMERICA,          No. CR 13-902-PSG
17
             Plaintiff,               STIPULATION REGARDING REQUEST FOR
18                                    FINDINGS OF EXCLUDABLE TIME
             v.                       PERIODS PURSUANT TO SPEEDY TRIAL
19                                    ACT
   PAUL ANTHONY CIANCIA,
20                                    STATUS CONFERENCE DATE: 12/8/14
             Defendant.               TIME: 10:00 a.m.
21

22

23      Plaintiff, United States of America, by and through its counsel

24 of record, the United States Attorney's Office for the Central

25 District of California, and defendant Paul Anthony Ciancia, both

26 individually and by and through his counsel of record, Deputy

27 Federal Public Defenders Hilary Potashner, John Littrell, and Emily

28 Groendyke, hereby stipulate as follows:

1.    The Indictment in this case was filed on December 17, 2013.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 4, 2013.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 25, 2014.

2.    On December 26, 2013, the Court set a trial date of February 11, 2014.  The Court has previously found the period from January 27, 2014, to August 11, 2014, to be excludable pursuant to the Speedy Trial Act.

3.    Defendant is detained pending trial.

4.    On August 11, 2014, the Court set a further status conference for December 8, 2014, at 10:00 a.m.

5.    The parties request that the time period between August 11, 2014, and December 8, 2014, inclusive, be found to be excludable based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with violating the following federal statutes: 18 U.S.C. §§ 1114(1), 1111 (Murder of a Federal Officer, First Degree); 18 U.S.C. § 37(a)(1) (Violence at International Airports); 18 U.S.C. §§ 924(j)(1), 924(c)(1)(A)(iii) (Discharge of a Firearm During a Crime of Violence Causing Death); 18 U.S.C. § 924(c)(1)(a)(iii) (Discharge of a Firearm During a Crime of Violence).  The government has produced discovery to the defense, including over 10,000 pages of documents, and over 150 discs containing numerous audio and video recordings, photographs, bank records, and other records.

b.   Due to the nature of the prosecution, including the charges in the indictment, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.   In particular, three of the charges in the indictment are capital offenses, and the government must determine whether seeking a sentence of death is justified in this case pursuant to 18 U.S.C. § 3593(a) and related provisions.   As part of that process, the Department of Justice will consider the confidential recommendation submitted by the United States Attorney, as well as mitigating information provided by the defense, before the Attorney General makes a decision as to whether or not to seek the death penalty.

c.   In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial.   Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

e.   The government joins in the request for the continuance.

f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of

3

1   the attorney for the government or the defense, or failure on the

2   part of the attorney for the Government to obtain available

3   witnesses.

4          6.    For purposes of computing the date under the Speedy Trial

5   Act by which defendant's trial must commence, the parties agree that

6   the time period of August 11, 2014, to December 8, 2014, inclusive,

7   should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

8   (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay

9   results from a continuance granted by the Court at defendant's

10  request, without government objection, on the basis of the Court's

11  finding that: (i) the ends of justice served by the continuance

12  outweigh the best interest of the public and defendant in a speedy

13  trial; (ii) failure to grant the continuance would be likely to make

14  a continuation of the proceeding impossible, or result in a

15  miscarriage of justice; (iii) the case is so unusual and so complex,

16  due to the nature of the prosecution, that it is unreasonable to

17  expect preparation for pre-trial proceedings or for the trial itself

18  within the time limits established by the Speedy Trial Act; and

19  (iv) failure to grant the continuance would unreasonably deny

20  defendant continuity of counsel and would deny defense counsel the

21  reasonable time necessary for effective preparation, taking into

22  account the exercise of due diligence.

23         7.    In order to facilitate investigation and trial preparation

24  for both parties, and in light of the lack of any scheduled trial

25  date, the parties jointly request an order permitting them to issue

26  trial subpoenas with a return date of the next-scheduled status

27  conference.  Additionally, the parties jointly agree that if either

28

party seeks a return date prior to the next court date, it may petition the court for such an order.

8.      Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

       IT IS SO STIPULATED.

Dated: August 22, 2014          STEPHANIE YONEKURA
                                Acting United States Attorney

                                ROBERT E. DUGDALE
                                Assistant United States Attorney
                                Chief, Criminal Division


                                _____
                                PATRICK R. FITZGERALD
                                MELISSA MILLS
                                JOANNA CURTIS
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

1    I am Paul Anthony Ciancia's attorney.  I have carefully

2   discussed every part of this stipulation and the continuance of the

3   trial date with my client. I have fully informed my client of his

4   Speedy Trial rights.  To my knowledge, my client understands those

5   rights and agrees to waive them.  I believe that my client's

6   decision to waive his Speedy Trial rights until December 8, 2014, is

7   an informed and voluntary one.

8

9   _____          ___8/21/14_____
    HILARY POTASHNER                            Date

10  JOHN LITTRELL
    EMILY J. GROENDYKE
11  Deputy Federal Public Defenders

12
    Attorneys for Defendant
13  PAUL ANTHONY CIANCIA

14

15

16    I have read this stipulation and have carefully discussed it

17  with my attorney.  I understand my Speedy Trial rights.  I

18  voluntarily agree to waive my Speedy Trial rights until December 8,

19  2014.

20

21  _____          ___8/21/2014_____
    PAUL ANTHONY CIANCIA                        Date
22  Defendant

23

24

25

26

27

28

6